**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ESTIBALY BENCOSME, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>STILLMAN LAW OFFICE, LLC,<br><br>Defendants. | Civil Case Number:<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT**<br>**AND**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff ESTIBALY BENCOSME, (hereinafter, "Plaintiff"), a New Jersey resident, brings this class action complaint by and through the undersigned attorneys against Defendant STILLMAN LAW OFFICE (hereinafter "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

**NATURE OF THE ACTION**

3. Plaintiff brings this class action on behalf of a class of New Jersey consumers seeking redress for Defendant's actions of using an unfair and unconscionable means to collect a debt.

4. Defendant's actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

5. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

6. Plaintiff is a natural person and a resident of the State of New Jersey and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

7. Defendant is a law firm with its principal office located at 50 Tower Office Park, Woburn, Massachusetts 01801.

8. Upon information and belief, Defendant is a company that uses the mail, telephone, or facsimile in a business the principal purpose of which is the collection of debts, or that regularly collects or attempts to collect debts alleged to be due another.

9. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## ALLEGATIONS OF FACT

10. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

11. Some time prior to January 17, 2018, an obligation was allegedly incurred to DR HUSSAIN.

12. The DR HUSSAIN obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, medical, family or household purposes.

13. The alleged DR HUSSAIN obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

14. DR HUSSAIN is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

Case 3:18-cv-03304-PGS-DEA     Document 1     Filed 03/08/18     Page 3 of 10 PageID: 3

15. Some time prior to January 17, 2018, the DR HUSSAIN debt was assigned to or purchased by the Defendant.

16. On or about January 17, 2018, the Defendant caused to be delivered to the Plaintiff a collection letter (hereinafter "Letter") in an attempt to collect the alleged DR HUSSAIN debt. *See* **Exhibit A.**

17. The Letter was sent or caused to be sent by persons employed by Defendant as a "debt collector" as defined by 15 U.S.C. §1692a(6).

18. The Letter is a "communication" as defined by 15 U.S.C. §1692a(2).

19. Upon information and belief, this was the first communication Plaintiff received from Defendant.

20. The Letter was sent on legal letterhead stating in part:

"Stillman Law Office, LLC

Attorneys At Law"

21. By sending this Letter, Defendant engaged in the practice of law implying that there existed attorney involvement.

22. In a New Jersey joint-committee ethics opinion, it was determined that sending a debt collection letter on a law firm letterhead is "the practice of law" and a violation of New Jersey's Rules of Professional Conduct absent attorney involvement, and that violations of state ethical codes are, in essence, the basis for civil liability under the FDCPA. See *Comm. on the Unauthorized Practice of Law Opinion 48; Advisory Comm. on Prof'l Ethics Opinion 725, 208 N.J. L.J. 58, 58 (2012).*

23. The Plaintiff, as would any least sophisticated consumer, read the attached letter and believed that there was a legal determination made before this letter was sent and that there

was a risk that Stillman Law Office, LLC would proceed with legal action if the alleged debt was not paid.

24. The FDCPA prohibits a broad range of false, misleading or overreaching tactics in connection with the collection of a debt.

25. It is a violation of the FDCPA for an attorney to send a debt collection letter without having first meaningfully reviewed the collection file. *See e.g., Bock v. Pressler & Pressler, LLP*, 30 F. Supp. 3d 283, 286-87 (D.N.J. 2014), citing *Lesher v. Law Offices of Mitchell N. Kay, PC*, 650 F.3d 993, 1001–1003 (3d Cir.2011), cert. denied, 132 S.Ct. 1143, 181 L.Ed.2d 1030 (2012).

26. The reason for requiring meaningful involvement by attorneys before they may issue collection letters to consumers is simple: "Abuses by attorney debt collectors are more egregious than those of lay collectors because a consumer reacts with far more duress to an attorney's improper threat of legal action than to a debt collection agency committing the same practice." *Feuerstack v. Weiner*, No. CIV. 12-04253 SRC, 2014 WL 3619675, at *4 (D.N.J. July 22, 2014). A debt collection letter on an attorney's letterhead conveys authority and credibility. *See, Crossley v. Lieberman,* 868 F.2d 566, 570 (3d Cir.1989).

27. Upon information and belief, no attorney reviewed the Collection Letter before it was mailed out to the Plaintiff.

28. Upon information and belief, no attorney reviewed the Plaintiff's account before the Collection Letter was mailed out to the Plaintiff.

29. Upon information and belief, no attorney reviewed the Plaintiff's account and made a reasoned, professional judgment that the amounts sought on the Collection Letter was owed by the Plaintiff or that the Plaintiff was actually delinquent on this alleged debt.

30. Upon information and belief, no attorney at Stillman Law Office, LLC is licensed to practice in New Jersey.

31. There is a risk of real harm associated with the Defendant's deceptive and misleading collection practices. "An unsophisticated consumer, getting a letter from an 'attorney,' knows the price of poker has just gone up." *Lesher v. Law Offices Of Mitchell N. Kay, PC*, 650 F.3d 993, 1000 (3d Cir. 2011).

32. The entire reason a collection campaign escalates from a collection agency to a law firm such as the Defendant is in order to "strike fear in the heart of the consumer" since an attorney is "better positioned to get the debtor's knees knocking." *Lesher v. Law Offices Of Mitchell N. Kay, PC*, 650 F.3d 993, 1000 (3d Cir. 2011).

33. As made clear by the Third Circuit, a Collection Letter on attorney letterhead is more likely to engender a payment or response from a consumer, because of the additional weight conveyed by such a Letter.

34. The collection letters mailed to the Plaintiff created the false and misleading impression that the communications were from an attorney when, in fact, they were not really "from" an attorney in any meaningful sense of the word.

35. Defendant's violations of the FDCPA thus bore the risk of real harm that the Plaintiff would be far more fearful of the Defendant's 'attorney' letter than she would from a typical collection agency dunning letter, and that the Plaintiff would therefore take steps to address this steps that she would not have otherwise taken.

36. Because Defendant Stillman Law Office, LLC had no legal right to practice law in the State of New Jersey, their letter further created a false threat to take action that cannot legally be taken.

## CLASS ALLEGATIONS

38. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following consumer class (the "Class") consisting of: a) All consumers who have an address in the State of New Jersey, County of Middlesex b) who were sent a collection letter from the Defendant on Defendant's letterhead c) attempting to collect a consumer debt  d) without meaningful attorney involvement e) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

39. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

40. Excluded from the Plaintiff Classes are the Defendants and all officers, members, partners, managers, directors, and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

41. There are questions of law and fact common to the Plaintiff Classes, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as *Exhibit A,* violate 15 U.S.C. § 1692e and 1692j.

42. The Plaintiffs' claims are typical of the class members, as all are based upon the same facts and legal theories.

43. The Plaintiffs will fairly and adequately protect the interests of the Plaintiff Classes defined in this complaint. The Plaintiffs have retained counsel with experience in

handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiffs nor their attorneys have any interests, which might cause them not to vigorously pursue this action.

44. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   (a) **Numerosity:** The Plaintiffs are informed and believe, and on that basis allege, that the Plaintiff Classes defined above are so numerous that joinder of all members would be impractical.

   (b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Classes and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as *Exhibit A*, violate 15 U.S.C. § 1692e and 1692j.

   (c) **Typicality:** The Plaintiffs' claims are typical of the claims of the class members. The Plaintiffs and all members of the Plaintiff Classes have claims arising out of the Defendants' common uniform course of conduct complained of herein.

   (d) **Adequacy:** The Plaintiffs will fairly and adequately protect the interests of the class members insofar as Plaintiffs have no interests that are averse to the absent class members. The Plaintiffs are committed to vigorously litigating this matter. Plaintiffs have also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiffs nor their counsel have any interests which might cause them not to vigorously pursue the instant class

action lawsuit.

(e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

45. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Classes predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

46. Depending on the outcome of further investigation and discovery, Plaintiffs may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

37. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

38. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

39. Section 15 U.S.C. §1692e provides:

**A debt collector may not use any false, deceptive, or misleading representation**

8

**or means in connection with the collection of any debt. Without limiting the application of the foregoing, the following is conduct is a violation: . . .**

40. The Defendant violated said section by:

- Falsely representing the amount, character, or legal status of the debt in violation of §1692e(2);

- False representation that the communication is from an attorney in violation of §1692e(3);

- The use of false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a debt in violation of §1692e(10).

41. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Ari Marcus, Esq. and Yitzchak Zelman, Esq. as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(e) Awarding pre-judgment interest and post-judgment interest; and

(f) Awarding Plaintiff and the Class such other and further relief as this Court

may deem just and proper.

Dated: March 8, 2018                    */s/ Ari Marcus*
                                        Ari Marcus, Esq.
                                        MARCUS & ZELMAN, LLC
                                        1500 Allaire Avenue, Suite 101
                                        Ocean, New Jersey 07712
                                        (732) 695-3282 telephone
                                        (732) 298-6256 facsimile
                                        *Attorneys for Plaintiff*

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: March 8, 2018                    */s/ Ari Marcus*
                                        Ari Marcus, Esq.

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Ari H. Marcus, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: March 8, 2018                    */s/ Ari Marcus*
                                        Ari Marcus, Esq.