UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

ESTIBALY BENCOSME, individually and
on behalf of others similarly situated,

Plaintiff,

v.

STILLMAN LAW OFFICES, LLC,

Defendant.

Civil Action No:
18-cv-03304 (PGS)(DEA)

MEMORANDUM AND
ORDER

SHERIDAN, U.S.D.J.

This matter comes before the Court on Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (ECF No. 8). Plaintiff Estibaly Bencosme, brings a class action on Plaintiff's behalf and on behalf of similarly situated individuals, against Defendant, Stillman Law Office, LLC to redress Defendant's unfair and unconscionable means to collect a debt. (Complaint, "Compl". ECF No. 1, pg. 1, and ¶¶3-4). Generally, Plaintiff alleges violations of the Fair Debt Collections Practices Act, 15 U.S. C. §1692, (FDCPA) and seeks damages, along with declaratory and injunctive relief. (Id. ¶6). The Plaintiff alleges "it is a violation of FDCPA for an attorney to send a debt collection letter without having first meaningfully reviewed the collection file," (Comp. ¶25) and is also a violation of the New Jersey Rules of Professional Conduct. The requirement arose because a "consumer reacts with far more duress to an attorney's improper threat of legal action." (Comp. ¶26). In this case, no attorney allegedly reviewed the collection letter, or Plaintiff's account prior to the mailing of the collection letter. (Compl. ¶¶ 27 and 28).

1

More specifically, some time prior to January 17, 2018, Plaintiff incurred a debt, or financial obligation to Dr. Hussain arising out of a transaction for "personal, medical, family or household purposes. (Id. ¶12).

On or about January 17, 2018, Plaintiff, a New Jersey resident, received a letter from Stillman Law Offices (Stillman Letter), a Massachusetts law firm attempting to collect the alleged Dr. Hussain debt. (*Id.* ¶16, *See* Ex. A). Plaintiff contends that by sending this letter on firm letterhead, Defendant engaged in the practice of law in a manner that violated FDCPA. Plaintiff avers that, upon information and belief, no attorney reviewed the collection letter before it was mailed out to the Plaintiff. (Id. ¶27). Plaintiff further avers that no Stillman Law Office attorney is licensed to practice in New Jersey. (Id. ¶30)

Plaintiff avers that she was fearful of the Stillman Letter because she felt an attorney would institute suit immediately. As a result, she was required to take steps to address the debt which she probably would not have done if it were a letter from a collection agency. Lastly, Plaintiff avers that since Defendant Stillman Law Office, LLC cannot practice law in New Jersey, the Stillman Letter created a false threat that a lawsuit may be filed when such an action cannot legally be taken. (Id. ¶36). The Stillman Letter reads:

[Proceed to Next Page]

Dear Bencosme Estibaly:

We have been hired to collect a debt owed to DR HUSSAIN. As of the date of this letter, DR HUSSAIN asserts that you owe $216.13.

Also, we have been asked to contact you to determine your intentions with respect to repayment of this debt. We have not been retained to file a lawsuit against you. Further, at this time, no attorney with this firm has personally reviewed the particular circumstances of your account.

Unless, within thirty days after your receipt of this letter, you dispute the validity of the debt or any portion thereof, this office will assume the debt to be valid. If, within thirty days after your receipt of this letter, you notify us in writing that the debt or any portion thereof is disputed, we will obtain verification of the debt or a copy of a judgment, if any, and we will mail you a copy of such verification or judgment. Also, upon your written request made within thirty days after receipt of this notice, we will provide you with the name and address of the original creditor, if different from the current creditor.

Sincerely,

Stillman Law Office, LLC

ICS001

**This correspondence is from a debt collector. This is an attempt to collect a debt, and any information obtained will be used for that purpose.**

**Important notices appear on the back of this letter. Please read them as they may affect your rights.**

Of importance, according to Defendant's brief, are two statements set forth in the second paragraph of the letter: "we have not been retained to file a lawsuit against you" and "at this time, no attorney with this firm has personally reviewed the particular circumstances of your account." At oral argument, Defendant also pointed to a sentence at the bottom of the letter stating "This correspondence is from a debt collector. This is an attempt to collect a debt, and any information obtained will used for that purpose." Defendant argues this language has satisfied other courts who have opined about the actions of an attorney when they are involved in a FDCPA matter.

Plaintiff additionally claims that the Stillman Letter violates New Jersey's Rules of Professional Conduct. The Complaint alleges:

> By sending this Letter, Defendant engaged in the practice of law implying that there existed attorney involvement. In a New Jersey joint-committee ethics opinion, it was determined that sending a debt collection letter on a law firm letterhead is "the practice of law" and a violation of New Jersey's Rules of Professional Conduct absent attorney involvement, and that violations of state ethical codes are, in essence, the basis for civil liability under the FDCPA. See Comm. on the Unauthorized Practice of Law Opinion 48; Advisory Comm. on Prof'l Ethics Opinion 725, 208 N.J L.J. 58, 58 (2012). (Compl. ¶ 21-22)

II.

On a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the Court is required to accept as true all allegations in the Complaint and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable to the non-moving party. *See Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 (3d Cir. 1994). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). While a court will accept well-pleaded allegations as true for the purposes of the motion, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *Iqbal*, 556 U.S. at 678-79; *see also Morse v. Lower Merion School District*, 132 F.3d 902, 906 (3d Cir. 1997). A complaint should be dismissed only if the well-pleaded alleged facts, taken as true, fail to state a claim. *See In re Warfarin Sodium*, 214 F.3d 395, 397-98 (3d Cir. 2000).

III.

Generally, Congress enacted the FDCPA in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). Congress explained that the law's purpose was to eliminate abusive debt collection practices while "insur[ing] that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). The FDCPA confers a private right of action. *Id.* § 1692k. *Powell v. Aldous & Assocs., P.L.L.C.,* 2018 U.S. Dist. LEXIS 982, *9 (D.N.J. Jan. 3, 2018). Because the FDCPA is a remedial statute, courts construe its language broadly so as to affect its purpose. *See Lesher v. Law Offices of Mitchell N. Kay, PC,* 650 F.3d 993, 997 (3d Cir. 2011). For that reason, FDCPA claims in the Third Circuit are analyzed under "the least sophisticated debtor" standard. *Brown v. Card Serv. Ctr.,* 464 F.3d 450, 454 (3d Cir. 2006). Under this standard, the least sophisticated debtor is presumed to read a collection notice in its entirety. *Campuzano-Burgos v. Midland Credit Mgmt.*, Inc., 550 F.3d 294, 299 (3d Cir. 2008). Here, Plaintiff alleges a letter from an attorney who is collecting a debt by itself places the least sophisticated consumer under duress. *See* 15 U.S.C. § 1692e.

III.

In its motion to dismiss, Defendant argues that Plaintiff's Complaint asserts that all lawyer collection letters violate FDCPA when, in fact, some courts have required that certain language be placed in the letter to overcome that duress. Here, the Defendant argues the Stillman letter included language that other courts have accepted to overcome a FDCPA claim alleging duress by receiving a letter from a lawyer. As such, Defendants assert Plaintiffs' cause of action should be dismissed.

In *Greco v. Trauner, Cohen & Thomas, LLP,* 412 F.3d 260 (2d Cir. 2005), the Court held that the FDCPA does not prohibit attorneys from acting as debt collectors, rather the statute mandates that lawyers must make their role clear in the collection of a debt. In *Greco*, the Court

5

found that a sufficient disclaimer explaining the limited involvement of the attorneys is necessary, and is sufficient. The Court found a letter that stated "At this time, no attorney with this firm has personally reviewed the particular circumstances of your account." is satisfactory because it advises that a legal action has been considered. *Id.* at 361. This language is similar to the language in the Stillman Letter ("We have not been retained to file a lawsuit against you. Further, at this time, no attorney with this firm has personally reviewed the particular circumstances of your account.") *See Powell v. Aldous & Assocs., P.L.L.C.*, 2018 U.S. Dist. LEXIS, 982, *13 (D.N.J. Jan 3, 2018). In *Powell*, the Court held that a letter stating "At this time, not [sic] attorney with this firm has personally reviewed the particular circumstance of your account." sufficiently and clearly disclaimed attorney involvement and dismissed Plaintiff's Complaint. *Id.* at *12-13. *See also Eddis v. Midland Funding, L.L.C.*, No. 11-cv-3923, 2012 U.S. Dist. LEXIS 22193, 2012 WL 664812, at *9 (D.N.J. Feb. 28, 2012) (Distinguishing the holding in *Greco* and *Lesher*)

Plaintiff rebuts by citing to *Lesher v. Law Office of Mitchell N. Kay, P.C.*,650 F3d 993, 1000 (3d Cir. 2011), wherein the court found that an unsophisticated consumer will be more likely to respond to a letter from an attorney because of the additional weight conveyed by the letter. In *Lesher*, the Third circuit found that the disclaimer was negated by the language found on the front of the letter, and the additional fact that the disclaimer was set on the back side of the letter, thus, it was less prominent. *Id.* at 1003. Here, the disclaimer was featured on the front of a one-page letter in normal font and clear phrasing. Thus, the statement sufficiently disclaims meaningful attorney involvement.

The statute (15 U.S.C. 1692e(10)) prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

Moreover, defendant asserts that the disclaimer contained in the Stillman Letter sufficiently defined the attorney's role misleading the Plaintiff. Specifically, the Stillman Letter stated "we have been asked to contact you to determine your intentions with respect to repayment of this debt. We have not been retained to file a lawsuit against you." Defendant contends that the Stillman Letter does not request payment to be enclosed in response and does not mention that failure to respond would result into any specific consequences. *See* 15 U.S.C. 1692e(5) (prohibiting the threat to take any action that cannot be legally taken or that is not intended to be taken).

To the contrary, Plaintiff rebuts same by arguing an attorney's letter may constitute an act in the practice of law that is disallowed under Joint Opinion 48, Committee on the Unauthorized Practice of Law (Joint Opinion). See also, *Latteri v. Mayer*, 2018 WL 2317531 (D.N.J. May 22, 2018). The application of the Joint Opinion gives rise to many fact and legal issues. For instance, the Joint Opinion refers to a law firm that permitted a collection agency to use its letterhead to send letters to consumers without any review of such letter in consideration of a monthly retainer. Nothing similar to that is alleged herein.

The case law under the FDCPA and the Joint Opinion appear to contradict each other. In the Joint Opinion it was pointed out that "[w]hile the FDCPA arguably permits a law firm to send debt collection letters in a lay capacity, New Jersey ethics rules have always prohibited the practice." (Op. 48, pg. 5). Defendant argues that Stillman's firm is not a New Jersey firm; and thus, Opinion 48 does not apply to it. Generally, Rule 1:14 of the New Jersey Rules of Court, "The Rules of Professional Conduct ... shall govern the conduct of the members of the bar and the judges and employees of all courts of this state;" but it is uncertain whether a firm like Stillman can send a letter to a New Jersey resident without engendering the applicability of the rationale under the Joint Opinion.

7

At any rate, there is a factual dispute over whether or how the Rules of Professional Conduct should apply or whether the language asserted in Greco is sufficient. Those questions are better resolved at summary judgment. For the reasons stated herein, the motion to dismiss is denied.

ORDER

THIS MATTER having been opened to the Court by Defendant's motion to dismiss [ECF No. 8]; and the Court having fully considered the submissions in support thereof, and any opposition thereto;

IT IS on this 24th day of September, 2018,

**ORDERED** that Defendant's motion to dismiss [ECF No. 8] is denied.

_____
PETER G. SHERIDAN, U.S.D.J.
