UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ESTIBALY BENCOSME, individually and on behalf of all others similarly situated, *Plaintiffs*, v. STILLMAN LAW OFFICE, LLC, *Defendant*. | Civil Action No.: 3:18-cv-3304-PGS-DEA **MEMORANDUM AND ORDER** |

**SHERIDAN, U.S.D.J.**

This matter comes before the Court on Defendant's motion for summary judgment (ECF No. 25)[1]. Plaintiff, Estibaly Bencosme, alleges that the Defendant, Stillman Law Office, LLC, violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.* by forwarding an unfair and unconscionable letter to collect a debt. Defendant counters that the attorney involvement disclaimer set forth in the letter is in accord with the established precedent. For the reasons stated below, Defendant's motion for summary judgment motion is granted, and Plaintiff's class action complaint class certification is denied as moot.

I.

Bencosme is a New Jersey resident and a "consumer" as defined by the FDCPA. (Joint Stipulation of Facts (JSOF) ¶ 8, ECF No. 25-2). The Stillman Law Office ("Stillman") is a law firm with its principal office located in Woburn, Massachusetts, and is a "debt collector," as defined by the FDCPA. (JSOF ¶ 7). Stillman employs no attorneys who are licensed to practice law in the State of New Jersey. (JSOF ¶ 1).

---

[1] Oral argument was held on January 23, 2020.

1

On or about January 17, 2018, Stillman sent a debt collection letter (the "Stillman Letter") to Plaintiff in an attempt to collect an alleged debt owed to Dr. Hussain for an unpaid medical expense. (JSOF ¶¶ 2, 5). The Stillman Letter reads as follows:

**[Proceed to Next Page]**

50 TOWER OFFICE PARK
WOBURN MA  01801-2113
FORWARDING SERVICE REQUESTED

# Stillman Law Office, LLC

Attorneys At Law
50 Tower Office Park
Woburn, Massachusetts 01801

January 17, 2018

**Toll Free Number for All Offices 877-404-4490**

 BENCOSME ESTIBALY

ᵗʰᵐⁿᵗᵘⁿᵗᵘⁿᵗⁿ (barcode)

Creditor: DR HUSSAIN
Account Number (last 4 digits):
Our File Number:                                                  Balance: $216.13

Dear Bencosme Estibaly:

We have been hired to collect a debt owed to DR HUSSAIN.  As of the date of this letter, DR HUSSAIN asserts that you owe $216.13.

Also, we have been asked to contact you to determine your intentions with respect to repayment of this debt.  We have not been retained to file a lawsuit against you.  Further, at this time, no attorney with this firm has personally reviewed the particular circumstances of your account.

Unless, within thirty days after your receipt of this letter, you dispute the validity of the debt or any portion thereof, this office will assume the debt to be valid.  If, within thirty days after your receipt of this letter, you notify us in writing that the debt or any portion thereof is disputed, we will obtain verification of the debt or a copy of a judgment, if any, and we will mail you a copy of such verification or judgment. Also, upon your written request made within thirty days after receipt of this notice, we will provide you with the name and address of the original creditor, if different from the current creditor.

Sincerely,

Stillman Law Office, LLC

ICS001

**This correspondence is from a debt collector.  This is an attempt to collect a debt, and any information obtained will be used for that purpose.**

**Important notices appear on the back of this letter.  Please read them as they may affect your rights.**

(Stillman Letter, ECF No. 1-2).  No attorney at Stillman's offices reviewed the letter before it was mailed to Plaintiff.  (JSOF ¶ 4).

In addition, Plaintiff submitted a Statement of Additional Undisputed Facts (PSAUF, ECF No. 29-8), which is now subject to Defendant's application to strike.  The facts set forth in the PSAUF are: (1) that Dr. Hussain provided medical services to Bencosme, who did not pay; (2) Dr. Hussain retained I.C. Systems to collect the debt; (3) Dr. Hussain never authorized I.C. to send the account to the Stillman Firm; and (4) Dr. Hussain has never heard of Stillman[2].  (PSAUF ¶ 3-5).

II.

Summary judgment is appropriate under Federal Rule of Civil Procedure 56 when the moving party demonstrates that there is no genuine issue of material fact and the evidence establishes the moving party's entitlement to judgment as a matter of law.  Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  A genuine dispute exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).  Moreover, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence "is to be believed and all justifiable inferences are to be drawn in his favor." *Marino v. Indus. Crating Co*., 358 F.3d 241, 247 (3d Cir. 2004) (quoting *Anderson*, 477 U.S. at 255).  Only disputes over facts that might affect the outcome of the suit under the governing law

---

[2]  On January 30, 2020, during oral argument on the motion, Defendant made an application to strike the PSAUF.  Evidently, Magistrate Judge Arpert ordered the parties to meet and confer about filing a proposed joint stipulation of facts in order to expedite this motion.  After conferring, the parties submitted the Statement of Joint Stipulated Facts; but thereafter, without notice to Defendant's attorney, Plaintiff's' counsel unilaterally submitted his PSAUF.  Defendant's counsel argues that Plaintiff's submission was contrary to the Order of  Magistrate Judge Arpert.  Since this application to strike was made without formal notice, and the underlying motion is dispositive, I will consider the PSAUF.  As such, this application to strike is denied.

will properly preclude the entry of summary judgment. *Anderson*, 477 U.S. at 248; *United States ex rel. Greenfield v. Medco Health Sols., Inc.*, 880 F.3d 89, 93 (3d Cir. 2018). However, if a court determines, "after drawing all inferences in favor of [the non-moving party], and making all credibility determinations in his favor - that no reasonable jury could find for him, summary judgment is appropriate." *Alveras v. Tacopina*, 226 F. App'x 222, 227 (3d Cir. 2007).

III.

Here, the Court employs the standard for FDCPA cases, including the least sophisticated debtor standard, and construes the FDCPA broadly to effectuate the statute's purpose. *See Brown v. Card Service Center*, 464 F. 3d 450, 454 (3d Cir. 2006); *Caprio v. Healthcare Revenue Recovery Grp., LLC*, 709 F.3d 142, 148 (3d 7Cir. 2013); *Lesher v. Law Offices of Mitchell N. Kay, PC*, 650 F.3d 993, 997 (3d Cir. 2011), *cert. denied*, 565 U.S. 1185 (2012).

"To prevail on an FDCPA claim, a plaintiff must prove that (1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the [FDCPA] defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." *Barbato v. Greystone Alliance, LLC*, 916 F.3d 260, 265 (3d Cir. 2019) (internal citation and quotation marks omitted). Here, only the fourth element is in dispute — whether Stillman's Letter was deceptive or misleading in violation of the FDCPA.

It is well established that a one-page collection letter on attorney letterhead that contains an appropriate disclaimer does not violate the FDCPA. In the seminal case, the Second Circuit held that the attorney involvement disclaimer did not violate the FDCPA. *Greco v. Trauner, Cohen & Thomas, LLP*, 412 F. 3d 360, 366 (2d Cir. 2005). In *Greco*, the attorney letter in question indicated that the defendant firm was representing a creditor and stated:

> At this time, no attorney with this firm has personally reviewed the particular circumstances of your account. However, if you fail to

> contact this office, our client may consider additional remedies to recover the balance due.

*Id.* at 361.

The *Greco* court explained that attorneys can send a debt collection letters without being meaningfully involved so long as the letter includes disclaimers that communicate even to the "least sophisticated" consumer that the law firm and/or attorneys sending the letter are not, at the time of the letter's transmission, acting as an attorney. *Id*. at 364. Therefore, the *Greco* court found that the disclaimer which stated that "no attorney with this firm has personally reviewed the particular circumstances of your account" did not violate the FDCPA, because it sufficiently delineated the law firm's limited involvement in the collection of the plaintiff's debt. *Id*. at 365.

Accordingly, the Court found that the least sophisticated consumer would have understood that no attorney had evaluated his or her case, or made recommendations regarding the validity of a creditor's claims. *Id*. The Third Circuit adopted the same analysis, but based on a different set of facts, it found in favor of the consumer. *Lesher*, 650 F.3d at 993, cited *supra*.

In *Lesher*, the attorney involvement disclaimer was set forth on the back page of the letter, while the first page of the letter "completely contradicted" the disclaimer because the front page stated that the firm was retained to collect the debt. *Id*. at 1003. From *Lesher*, the Third Circuit instructed that the attorney involvement disclaimer with the language like *Greco* should be set forth in a single-page letter that does not have contradictory clauses. Many subsequent cases follow that rule. *See Eddis v. Midland Funding, L.L.C.,* Civil No. 11-3923 (JBS/AMD), 2012 U.S. Dist. LEXIS 22193, at *24 (D.N.J. Feb. 22, 2012); *Powell v. Aldous & Assocs., P.L.L.C.,* Civ. No. 17-3770-KM-MAH, 2018 U.S. Dist. LEXIS 982, at *18 (D.N.J. Jan. 3, 2018), *aff'd*, 762 F. App'x 127 (3d Cir. 2019); *Daniels v. Solomon & Solomon P.C.*, 751 F. App'x 254, 255-56 (3d Cir. 2018);

6

*Hamilton v. LLM Mgmt*, CIVIL ACTION No. 13-2932, 2016 U.S. Dist. LEXIS 17139, at *18 (E.D. Pa. Feb. 11, 2016).

In this case, the Stillman Letter complies with the case law because it contains the proper disclaimer; and thus sufficiently disavows any meaningful attorney involvement. More specifically, (1) the Stillman Letter is a one-page, succinct letter; (2) the top right-hand corner of the letter contains the name and contact information of the law firm; (3) the very bottom of the letter states that "[t]his correspondence is from a debt collector;" and (4) the body of the letter is sub-divided into three paragraphs that are relatively easy to read.

The first paragraph informs Plaintiff that Stillman has been "hired to collect a debt owed to Dr. Hussain" and indicates the debt amount. (Stillman Letter). The last paragraph, which Plaintiff does not appear to question, notifies Plaintiff of the validity of the debt and Plaintiff's options to contest the debt. (*Id.*).

The second paragraph, which is significant here, states the following:

> Also, we have been asked to contact you to determine your intentions with respect to repayment of this debt. We have not been retained to file a lawsuit against you. Further, at this time, no attorney with this firm has personally reviewed the particular circumstances of your account.

(*Id.*).

The paragraph is the same or similar to the disclaim as used in the *Greco* and *Lesher* cases and their progeny. Moreover, the disclaimer is placed in a prominent location on the front page, and contained in a separate paragraph with the same font as the other paragraphs. As such, the Stillman Letter comports with the case law and does not violate the FDCPA. *See* 15 U.S.C. § 1692e(3).

V.

Plaintiff's counsel presents a novel alternative argument. He suggests that the Court must consider the totality of the circumstances to determine whether the Stillman Letter constitutes an impending threat to sue. That is, the unsophisticated consumer would most likely fear that a lawsuit is imminently forthcoming upon receipt of the Stillman Letter, because she had originally been notified by I.C. Systems. However, this proposition is not supported by any facts to demonstrate a one-two punch. Plaintiff's counsel argues that such facts may be adduced by circumstantial evidence. This is a broad jump. The Stillman Letter is devoid of any threats of legal action, let alone imminent legal action. *See Powell*, 2018 U.S. Dist. LEXIS 982, at *17; Moreover, the unsophisticated debtor is presumed to have read the collection notice in its entirety; and, the clear language in the letter would have alleviated such fears. *See Campuzano-Burgos v. Midland Credit Mgmt.*, 550 F.3d 294 (3d Cir. 2008).

VI.

At the hearing, Plaintiff also argued that the Stillman Letter violates the FDCPA because it was sent from an out-of-state law firm that lacked authority to take legal action against Plaintiff, and was thus in violation of the New Jersey Rules of Professional Conduct. (See Hearing Tr. 8:3-9: 10:2-20). As stated, the Stillman Letter does not threaten legal action at all. *See Powell*, 2018 U.S. Dist. LEXIS 982, at *18. Moreover, the New Jersey Rules of Professional Conduct do not give rise to an independent cause of action. *See Eddis*, 2012 U.S. Dist. LEXIS 22193, at *27; *Cohen v. Wolpoff& Abramson, LLP*, Civil Action No. 08-1084 (SRC), 2008 U.S. Dist. LEXIS 77052, at *2223 (D.N.J. Oct. 1, 2008); *Baxt v. Liloia*, 155 N.J. 190, 198-199 (1998). As such, this argument fails.

## ORDER

This matter, having come before the Court on Defendant Stillman Law Office, LLC's Motion for Summary Judgment (ECF No. 25), and the Court having carefully reviewed and taken into consideration the submissions of the parties, as well as the arguments and exhibits therein presented, and for good cause shown, and for all of the foregoing reasons,

IT IS on this 23rd day of April, 2020,

**ORDERED** that Defendant's Motion for Summary Judgment (ECF No. 25) is **GRANTED**; and it is further

**ORDERED** that Defendant's application to Strike Plaintiff's Statement of Additional Undisputed Facts is **DENIED**.

s/<i>Peter G. Sheridan</i><br>
PETER G. SHERIDAN, U.S.D.J.